Our next case is agenda number three, case number 114925, Sandra Relf v. Natasha Shatayeva, counsel for the appellant. Good morning, your honors. My name is Eleanor Rourke, and I represent the defendant, Natasha Shatayeva, as special administrator for the estate of Joseph Granpreet Jr. I am here today with my co-counsel, Gene Bradley. May it please the court, counsel. The trial court in this case granted defendant's motion to dismiss. The appellate court then overturned that decision. We ask this court today to reverse the appellate court's decision and affirm the trial court's dismissal of this case. It is defendant's contention that the first district appellate court erroneously ruled that subsection B of 13-209 of the Illinois Code of Civil Procedure should not be looked to at all in regard to whom should be appointed as representative or administrator for a deceased defendant. And further, and along with that, who is served and who is given notice of that lawsuit. This is an important issue. It's not merely a technicality as it has been described by plaintiff in the amicus brief. Notice and opportunity to defend have long been held to be cornerstones of the legal process. We do want to make clear at the outset the defendant is not arguing against the existence of subsection C. Defendant is not at all trying to modify the statute of limitations in regard to a deceased defendant. This was never an issue in this case. The first district appellate court ruled in this case that subsections B and C again are completely independent of each other. The two statute sections, however, are not in conflict with each other as is contended. Each subsection of this statute deals with the issue of a defendant who becomes deceased prior to filing suit. Subsection C states that a personal representative should be substituted for the deceased defendant. However, subsection C does not address who this personal representative should be or even how this personal representative is to be appointed or further to whom notice should be given. However, subsection B of that same statute does address this issue in more depth. Subsection B2 makes clear that a plaintiff may appoint a representative for a deceased defendant if no petition has been filed for letters of office for the deceased estate. This court has stated in Papel v. Zimmerman in 2010 that we construe the statute as a whole. Despite arguing that the subsections should be read Subsection, how would subsection B affect this defendant? He did not learn of the death until I think approximately two years later. Correct. We're not saying, I'm sorry. I don't understand how subsection B and C were meant to be read together. They both involve the issue of a deceased defendant. So they're similar in that regard. You're correct in that B and C involve, B is regarding when it is not known by the plaintiff that defendant is deceased. C is when it is known, I'm sorry, it is known prior to suit for B that defendant is deceased. C the plaintiff does not know. But they do both involve the issue of a deceased defendant and they are both part of the same statute. And so we believe they're not to be read entirely separately. And if there's a question regarding C and how a personal representative should be appointed, then B should be looked at because B discusses that. And so that is what we believe in that case. If they're read separately, then what procedure must a court follow to allow a plaintiff to appoint a personal representative? Under C, Your Honor? Well, that is the question. And again, the First District Court said, did not give guidance to that and simply said they're to be read separately. The First District in this case specifically disagreed with the Third District Appellate Court in the case of Keller v. Walker and said they would not follow Keller v. Walker. Keller v. Walker did say that C is instructive, I'm sorry, excuse me, that B is instructive as to subsection B. The Third District Appellate Court stated in Keller that although 13-209 subsection C does not specifically state how a personal representative is to be appointed, Section 13-209B of the code addresses this procedure. Keller said when a person against whom an action may be brought dies before the expiration of the time limited, Section 13-209B2 provides, quote, that the court upon the motion of a person entitled to bring an action may appoint a special representative for the deceased party for the purposes of defending the action, end quote, if no petition has been filed for letters of office for the deceased estate. We believe that Keller and the Third District in Keller took the right approach to this and again, looked at the statute not piecemeal, but as a whole and looked at guidance from two from B section in terms of what should be done with subsection C when you have a deceased defendant and there does need to be a personal administrator appointed. So you're not arguing that the six-month limitation in B has any import in this matter? Section B is to be used just to inform how to appoint the personal representative? Correct, correct. Again, we're not taking issue with subsection B or subsection C as they stand. We're saying that subsection C does not inform how the personal representative should be appointed. In this case, plaintiff counsel named his legal assistant as special administrator, despite the fact that there was a probate estate open and active in the courts. Plaintiff told in his motion to appoint special representative as his legal assistant, told the court to his knowledge there was not a probate estate opened. However, a simple search of the computer system in Cook County would show that there was a probate estate opened and still active in the same county that the lawsuit that plaintiff filed was pending. In this day and age, there's no reason you cannot locate such information, but plaintiff did not tell the court, plaintiff counsel, what search was done, just said to my knowledge there was not a probate estate. I would also say in subsection B, it actually allows additional time, much more than subsection B, to locate a probate estate or an heir legatee, additionally more time than B. There was no reason in this case and no reason given why the probate estate was not located and why the probate estate administrator, again, open and active estate, was not named as the personal administrator. Is there any import to the difference in the language in B and C, talking about a personal representative and a special representative? Your Honor, the difference in the terms? Yes. We believe that there is. And if you look even at subsection A, and again, looking at the statute as a whole, there are different terms used. And personal representative is used when they are talking about someone representing the actual matters for the deceased, whether that's an heir or a legatee or whether that is the probate administrator. Special representative, from the language used, seems to be someone not actually associated necessarily with the defendant. But in this case, it was plaintiff counsel's legal assistant who was appointed a special representative. I do think that that is purposeful in the statute. And I realize the term special administrator, actually personal representative, can encompass a large variety of people, but I think that's purposeful in the statute. And again, I don't think this statute can be read piecemeal. It has to be read as a whole, looking at all of the language in the statute. And the terms that they are using in that are significant. And that includes the terms special representative and personal representative. May I ask a question sort of about prejudice, really? Two different entities probably have different duties, obligations. We were talking about the fact that even if today somehow we got back to the trial court and a complaint was amended and the personal representative was named instead of a special administrator, at this point, am I not correct, that the only asset that would be at risk would be the insurance policy? So that one way or another, don't we end up in the same place? What is the prejudice by naming one or the other? Well, I think the prejudice goes to even notice of the suit. And I think this state has long held that simply because there's an insurance policy does not mean you don't have to give notice to the proper people, the proper party. So I think there is a prejudice. We're talking about personal representative and during the claims period of the state that it's very important for the state to know whether or not there's going to be a claim against all those assets. Now we're way past that. And all we're talking about is the possible insurance policy assets. So it's not going to affect any of the heirs. And the heirs would not have a right to the policy. I think, though, however, I think heirs have a right to know. I think the heirs and legatees have a right to know. Every case that comes before the court in a civil action is not a case that involves a car accident or a slip and fall downstairs. You have defamation cases. You have libel cases. You may have a case alleging reckless conduct. I believe there is a right to know. And I think this law has long stated that. I'm not sure. Help me understand what you mean. To what end? Because they would defend it differently? Why? Perhaps they would defend it differently. But again, I think it comes back to the issue of notice. And I think if this court would say, well, because there's an insurance policy, which has been argued in this case, it doesn't matter. There's an insurance policy, so ultimately it doesn't matter. I don't think that's the tact that this court has ever taken. And I don't think that's the tact that this court has ever taken. It's not allowed to give notice to an insurance company. It's never allowed. If there's an insurance policy and that's going to be what's at stake, then why not give notice to an insurance company? And it's long been held that's not. So I think there is a prejudice in this case. I'd like to add also in terms of the factual, in this case, plaintiff never asked the plaintiff to amend to name the personal administrator of the estate. The motion to dismiss was granted and plaintiff appealed the case. Never did plaintiff ask the court, the circuit court, to allow him to amend to name the personal administrator. Even after he was aware, she was aware that there was a personal administrator. So that was not done in this case. So this is not a situation where it was asked of the court and denied. Plaintiff counsel, plaintiff never asked that of the court. So I do want to make that clear. At the beginning of your argument, I think you said that paragraph B isn't involved at all. It's instructive. Okay. I thought you were going to say it isn't involved because of the opening part of subparagraph 2, which says, if no petition has been filed for letters of office for the deceased estate, then this procedure comes in. In this case, as I understand it, a petition for letters had been filed, letters had been issued, there was a personal representative, and therefore, this case clearly comes under subsection C. It does. And it comes under subsection C, actually, Your Honor, because, and we are not disputing, the plaintiff was not aware that prior to the time that she filed suit in this case. And so that is really why C is applicable. We are not saying C doesn't apply. We are saying C doesn't tell you how you should file against a personal representative, who that should be. And again, we are saying look to B for that, and that's what the third district has correctly said. One other, I want to note in terms of the record in this case, in plaintiff's motion to substitute plaintiff's counsel legal assistant as special administrator, plaintiff told the court, again, to her knowledge there was no probate estate. If B were not important in terms of being instructive, why would plaintiff even need to put that in the motion? If we didn't look to B, because again, C does not state who should be named as representative or administrator. If that were not important, then why would plaintiff even need to put that in? And again, it is because it is instructive and it is important. And if there is a probate administrator, as there was in this case, then that person should be named. And again, plaintiff never asked the court to substitute the administrator in. And again, I think, Justice Teicher, you brought up prejudice. Yes, there is an insurance policy, and that would be in this case. Not every case has an insurance policy. Some estates can last for some time. So perhaps that is an issue to consider, too. This statute should apply broadly and not simply to one case, but it has to work for every situation. In this situation, again, yes. And I understand what you are saying in terms that estates can take a long time. But doesn't the statute specifically say if the process is served more than six months after the issuance of letters of office, liability of the state is limited to a recovery to the extent the state is protected by liability insurance? It does. So it has nothing to do with really how long it takes to resolve. This is more about when the lawsuit is filed and served on whoever the person is. When it is and when it is served, correct. And again, under C, there is more time to do that. And yes, sometimes there is an insurance policy. If there is, they are limited to that. But I don't think that takes away from notice, which again, this Court has always held is so important. Can I ask you one thing? I'm not sure, but are you arguing, you're hinting, but I don't think you're quite arguing, that it was the counsel's secretary being named as the special representative, that that's inappropriate or not allowed? Are you arguing that? I understand that there are cases that have allowed that. And there are cases that allow that. I think there is something inherently wrong about that, from my opinion. And I realize there are cases that have allowed that. And then there is someone substituted in. And that happens. But from a defendant's perspective, if you have a deceased defendant and you have a probate estate that is open, as we did in this case, and you have heirs and legatees, to have plaintiff attorneys, secretary named or legal assistant named as special administrator for the plaintiff counsel's office and serve that person to represent the defendant, just is wrong. So yes, I think there is something inherently wrong about that, particularly when you have an open probate estate. So yes, I know there are cases that allow that. But I believe and defendant argues really that that's not proper. And it wasn't a primary argument in our case, because again, it is allowed as it currently stands. But again, when you have an open probate estate and heirs and legatees, and that probate estate can be found, and plaintiff had at least four months to find this probate estate. For a time, plaintiff had the incorrect name of defendant. That was cleared up because he had an investigator who cleared that up and said defendant is deceased, this is defendant's real name. During those four months after that, plaintiff didn't, we don't know what plaintiff did. It's not in the record. But again, we found it, defendant found it simply by a search of the Cook County court records. It was open and active. Keller versus Walker, the third district, correctly stated that you should look to be, to see how you should name that personal representative. There's some talk in the amicus brief and plaintiff's brief about legislative intent as to see. All the legislative intent says, and the discussion in the legislature when it was before the House, was extending the statute to allow plaintiffs to file suit against a deceased defendant. There's nothing in the legislative intent that goes against what we're asking this court to do, which is simply again, to look at the statute as a whole and not piecemeal. It makes the most common sense, it makes the most logical sense, and it makes the most reasonable sense to do that. We ask therefore, your honors, that this court reverse the appellate court and affirm the trial court dismissal of this case. Thank you. Thank you, Ms. O'Rourke. Counsel for the appellate. Good morning. May it please the court. My name is David Nemiroff. I'm here on behalf of the appellate, Sandra Ralph, in this appeal. We are asking this court to affirm the first district's reversal of the circuit court's decision to dismiss the case. The first district properly found that we complied with the section C of 13-209. Before you get into your argument, I'd like to ask you the same questions I asked Ms. O'Rourke. Is there a difference between personal representative and special representative? Well, if you look at Black's Law Dictionary, as cited in the Gaddy case that was cited in our brief, it defines what a personal representative is. It includes an executor of an estate, it includes an administrator, but it also includes a special administrator. And clearly, what we did was appointing a special administrator falls within the definition of personal representative, as defined in Black's Law Dictionary, as well as in the Gaddy case. Are letters of office issued to a special administrator appointed for the purpose of defending the action? No. In this case, there were letters of office appointed to, I believe, Gary, I forgot his last name, but he was, I think, a relative of the deceased. Then my second question is, how do you, starting with Ms. O'Rourke's argument that Section B is not involved, again, I thought she was going to say it's not involved because of the opening sentence of Subsection 2, which says if no petition for letters of office had been filed. In this case, the petition had been filed, letters had been issued. That takes you down to Subsection C, where you say, if the cause of death was unknown to you before the expiration of time, and you filed it timely, the cause of action survives, it's not otherwise barred, then the action may be commenced against the deceased person's personal representative. There is a personal representative, and then it sets out the means for serving that and having that party substituted. In this case, the personal representative was appointed for the purpose of defending the action. In 2008, the lawsuit was filed. When in 2010, there was a four-month delay from the time that the special process server notified you of the death of the decedent until the motion for a special representative was appointed. Again, it seems that Subparagraph C covers it, and you're still in the box as long as you serve the case. Why appoint a personal representative that was in existence? Why appoint a special representative? We were unable to find, contrary to what counsel says, navigating the Cook County court system, computer system, is not an easy process, and it is not always that easy to ascertain. In this case, he was originally on the police report named as Joseph Grand, not Joseph Grand Pre. That was only discovered once our process server couldn't locate him. We did make a search on the computer. We were unable to locate in a way that would allow us to ascertain that he was a person of interest, and we then proceeded to appoint a special process server, an administrator. But the statute itself, in Section C, does not define a personal representative, and you can't It talks about someone with letters of office having been issued. In Sub 3, it refers to letters of office. That's correct, but it also doesn't define what a personal representative is. So you're saying they're the same thing. A personal representative is the same thing as a special representative appointed to defend the lawsuit. Yes, that's correct. If you read Black's Law Dictionary, as cited in the Gaddy case, it very much talks about that. Anyone that can act in a legal capacity on behalf of the state, and a special administrator, very much by appointment of court, can function in that capacity. And so in Section C, there is not a definition of what a personal representative is. If the legislature had wanted you to read Section C together with Section B, they would have said so. In fact, the plain language of the statute defines three specific classes of litigants in this case. Section A defines plaintiffs who have died. That clearly wasn't at issue here. Section B defines defendants who have died, and plaintiffs have knowledge of them before the applicable statute or limitations, and filing a complaint suit within six months. That was impossible in this case. We did not know of the death of the defendant in this case, and it would have been impossible for us to have complied with Section B. As such, Section C is clearly the applicable section in this case. We could not have gone through Section B. What they are arguing is that, well, even though part of Section B doesn't apply, and clearly it doesn't apply, they want us to take other parts of Section B and now apply it to Section C. And that's not what our legislature said in that. Counsel, if a plaintiff acting in good faith obtains the appointment of a special representative for a deceased and then discovers that there actually isn't a state open and an administrator appointed, why shouldn't you be required to serve them? First of all, there was nothing in the statute that says we're required to serve them. Secondly, the defendant at any time in this case could have come in and substituted them. If they felt it was important for that representative to be involved in the case, the Cepeda case addresses that, the Gatti case addresses it, they could have filed a motion and substituted in that representative that had been appointed by the probate court. They chose not to do so. I don't know why. They're arguing here that it was so important that they be involved in the case and that they have a role in the case, and yet when they had their opportunity to include them in the case and include them in a role, they chose instead not to do so and to file a motion to dismiss instead. That runs opposite of what they're arguing here today about how important the role of that administrator, appointed administrator was, because they chose not to include them in the case. Very simple. All they had to do was file a motion and they would have been here. I guess I don't understand that completely. You have the special administrator now saying they should object to their being appointed as special administrator and they should have substituted the personal representative who you couldn't find? No, I'm not saying they should have objected. In fact, we would rather not have someone from our office be the special administrator. We would prefer that when that occurs and a person from our office is appointed as special administrator, we'd prefer that the defendants appoint their own. We would rather that process take place. They chose not to do so. It's not that she wasn't proper. At what point was that decision made if they didn't know about the lawsuit until you had the special representative appointed? In other words, we served the special administrator. She then tendered the lawsuit to the insurance company for the defense. They then appeared in the case. When they appeared in the case, the insurance company had knowledge of the lawsuit and of the case. They were now involved in the case. At any time thereafter, they could have filed a petition to substitute in the administrator of the estate, Gary Grand Prix, into the case. They chose not to do so. And that runs counter to their argument here today of how important it is for the estate to be involved in the case. This was a case involving purely insurance proceeds. The estate had no risk. The estate has no, the estate assets have no risk whatsoever in this case. It is merely the insurance proceeds that are at risk in this case. If they felt that the family should be involved, they should have filed a motion, and they could have filed a motion. In fact, the Gaddy case discusses how in most instances similar to this, the family members don't want to be involved. The estate has already been dealt with, or even if it's ongoing, it doesn't make a difference because this case has no impact on the estate. And they don't want to be involved in an auto accident lawsuit as an administrator. It takes their time. It takes their effort. And the Gaddy case discusses that. But having said that, if they wanted Gary Grand Prix to be involved, a simple motion would have done so. They chose not to do so. The plain language of this statute clearly indicates that these sections should not be read together. You can't, there are clearly three distinct classes of litigants. And you can't look to Section 2 for part of it and go, well, part of Section 2 doesn't apply, but let's use another part of Section 2. If the legislature had wanted there to be a specific process for appointing a specific person or a specific entity to comply with Section C, they would have said so. In fact, Section C was added in 1989 after the Vaughn case in order to allow plaintiffs to be able to proceed against defendants who they were unaware were dead at the time a lawsuit was filed. When they added that section, they could have included language in Section B to set forth a process or who had to be appointed. They chose not to do so. And I don't believe it's appropriate for this Court to create exceptions or look to a section that clearly doesn't apply, which Section B clearly doesn't apply, and now apply that same process to Section C when the legislature chose not to apply it. Aren't we supposed to read statutes as a whole and make every attempt to make all the provisions consistent? You can't read the statute. You can't look to Section B. Section B clearly doesn't involve the class of litigants that we have in this case. Section B involves if the plaintiff had knowledge of the death of the decedent before the statute of limitations and if they had filed a lawsuit within six months of their death. Mr. Grand Prix, the defendant in this case, passed away only about two months after this accident occurred. We didn't even file suit until right after the statute of limitations and only learned of his death after the applicable statute of limitations expired. So you can't look to Section B because Section B doesn't apply, just like Section A doesn't apply. And the First District correctly interpreted it that way. They looked at the plain language of the statute and the plain language of Section C does not define who a personal representative should be. And in fact, I'm sorry. Speaking of reading this all together to try to make some sense of it all, there is another section of the code, is there not, about what occurs when a person dies after a lawsuit has been filed. And it sets out specifically what's supposed to happen. If a person dies after a lawsuit has been filed and a section has been brought dies, his or her personal representative shall be substituted as a party. If no petition has been filed for letters of office for the deceased's estate, then the court, upon motion and after notice of the party's heirs, may appoint a special representative. So the legislature in that setting has pretty clearly set out this process. It should be the personal representative, however, if there's no letters of office have been filed, then the court may appoint a special representative. And it's a different situation, but it's pretty close, the same problem. Well, it's not. Here we're talking about, and I think you alluded to it when you were asking questions of my opposing counsel, there is no prejudice to the estate under the circumstance of this case. The estate had no personal liability at all. There was insurance proceeds to cover this estate. But in fact, if there had been no insurance, we would have no case, our case would be over. And so any policy considerations as it relates to giving notice to an appointed representative of the estate are not present in this case. In this case, we have a circumstance where there is insurance coverage, there is no prejudice to the estate, and the legislature does not define how to do so. So if they define in other places based on those set of circumstances and those classes of litigants, that's great. But they chose not to define it in this case, and they chose to leave it as a personal representative, and personal representative includes special administrator by definition. Is there any difference in terms of exposure of the assets of the estate, whether a complaint has been filed before the person dies or after? Sure. So in other words, we should be treating these two situations differently because it has real differences in the outcome. Well, when the assets of the decedent are at risk, then notice to the estate is important. But in this case, there were no assets of the estate at risk at all. We were well past the guidelines that's set in Section B for proceeding, and so we had to proceed under Section C. And so in this case, there was no prejudice to the estate at all by appointing a special administrator and serving them. And if they, when they keep talking about prejudice, the insurance company was aware of the lawsuit. They certainly had the ability, and in fact, they were aware that an estate was opened up on behalf of their insured, Mr. Grand Prix, and they could have substituted in that person at any time if they felt that in any way that person was important or they should have notice of this case. If, in fact, you're under paragraph, subparagraph C, and if you had found that there was a personal representative appointed, and if you had chosen to appoint a special representative, what would be the status of your case now? If we had known that there was? Right. I still don't think it would have made any difference. I think that we... You have to comply with C. You can appoint a special representative and go past the personal representative. Well, I think that personal representative is defined in Blatt's Law Dictionary and cited in the Gatti case includes a special administrator. Then what's the purpose of paragraph C that says that you have an obligation after learning of the death with reasonable diligence move for substituting, filing a minute complaint, and those four requirements? Well, I think we have. We did appoint a personal representative, which is a special administrator by definition. So you're saying you can appoint somebody else even though there is a personal representative? I believe we can. I don't think that section C defines that at all, and I think it's silent as to that. What about subparagraph, or in subparagraph 2 that says if no petition has been filed? That gives you the authority to appoint a special administrator. I'm sorry. I'm a little lost. I'm looking at subparagraph 2 that talks about diligence. B2. Oh, I'm sorry. You're looking at B. Right. I'm going back to B2. How do you get past B2 if no petition for letters has been filed? B2 doesn't apply at all because B2 applies to a set of litigant that has no bearing in this case. B2 applies to when you had knowledge of the death before the statute of limitations and you filed suit within six months of that instance. In that case, and that's why it doesn't apply. Section B has no applicability to the circumstances of section C, and they should be read very much separately. They can't be read, you can't take part of B and apply it to section C when it doesn't follow the same class of litigants. If the legislature had wanted there to be a specific named person or a specific named entity in section C, they would have done so. They chose to do that in section B because it had implications for the estate and their assets, but they also chose to leave it silent as to section C because of the lack of prejudice and the unimportance of it as it relates to the circumstances that fall in section C. In this case, there was absolutely no prejudice to the defendant as related to the circumstances. There was insurance, the insurance company was tendered the lawsuit in a timely fashion. They came in to defend the estate, and like I said before, they could have substituted somebody of their own doing. In fact, we would have preferred that they had substituted their own people into the case. There was no benefit in us having our own special administrator involved in the case whatsoever. You commented that there wouldn't be, if there wasn't insurance coverage, there would be no case. That's correct. And I think that's in response to opposing counsel, right, that talked about cases that there may not be insurance coverage for, intentional acts or what have you, right, because you would have missed the time period and that would have had to go against the estate proper. That would be correct. If there was no insurance in this case, we would not, our case would have been over because of the guidelines in section C and the language of section C, that's exactly accurate. We would ask that the court affirm the first district's ruling in this case. They correctly found that sections B and C should be read separately, not together. The legislature did not in any way put any language in section C that would make this court look to section B for any of its language. And they could have, and they chose not to. We'd ask the court to follow the plain language as section C. Thank you. What about that, Ms. O'Rourke? You had started your argument or somewhere in the beginning of your argument, you had mentioned that it is important to the family members, that there are other type of cases, I think you said, outside of auto accident or slip and falls, and went into defamation. A couple other cases where there may or may not be insurance coverage. And as Mr. Nemeroff has just indicated, if there wasn't insurance coverage, there would be no action here. I think even a part, even if there is insurance coverage, and for defamation there oftentimes is insurance coverage, depending on your policy. In that situation, in any situation, I think the family, the heirs and legatees, the probate administrator has the right to know about that. I don't think it comes down to just simply an insurance policy issue. And again, this court and many courts, the appellate courts have stated, it's not about the insurance policy, if that were the situation in terms of notice of a case and ability to defend the case, there would be no need to ever serve a defendant. You would just name the insurance company. And you had mentioned during your initial argument that there was no attempt by plaintiff to amend in this case. Correct. And the counter to that was that there wasn't any motion to substitute in by the family. Well, and I would respond to that, why is it, why is the defendant, why is the duty of the defendant to name the person as the administrator? Plaintiff has brought this lawsuit, it is plaintiff's duty and obligation to name the correct person. Plaintiff could have asked the court to do that. Plaintiff never did. And I want to make that clear, the record does not show that plaintiff ever asked the trial court to amend, to name as administrator the probate administrator. It's not the defendant's duty to do that. We filed a motion to dismiss. And that was granted by the court. May I stop you right there? You said that this is wrong, it's unfair, the heirs have a right to know. I want to bring you back to the language of 2619 and a motion to dismiss. So we agree with you, they should have named the person representative. Why is that a bar to this class of action? It's a bar because under 209C, they were to name the personal administrator. Why does that defeat the entire class of action? Because plaintiff did not ask then to substitute in then a probate administrator. Are you saying it was a nullity? For what reason should this misnomer defeat the entire class of action? I don't think it's a misnomer. The fact that they named the wrong person, why does that defeat the class of action? Because in that situation there was no notice given to the correct party. And again, it's not defendant's obligation to then come in and say hey, plaintiff, you named the wrong person, you should name the right person. It's plaintiff's obligation to do that. And there's a lot of situations in the court system and in the law where it becomes a nullity because it wasn't done. Something wasn't done correctly. This is one of those situations. I think plaintiff could have corrected it if plaintiff had asked the court to do that. If you look at the record, plaintiff did not ask the court to ever do that. Couldn't the family say no, we don't want to be substituted in? They can be, but that's their choice. And that should be the probate administrator's choice to do that. So really, even when we talk about, in this case, the plaintiff never moving to amend, that may, from your standpoint, not have ended the issue. There's a motion to dismiss, and you said plaintiff's counsel never said let us amend and name the proper administrator. Correct. He could have come in and done that, and you would merely say, well, we don't want to be substituted in. We want to proceed with our motion to dismiss. Well, that wasn't the situation. That didn't happen in this case. But it could have been. It could have thwarted their attempt to try to amend and name who you think should have been named in the first place, right? If they had done that, correct. They did not do that in the situation. So really it's of little consequence. We either agree with the trial court or we agree with the appellate court. Yes, yes. And also the third district in Keller v. Walker, which the first district appellate court specifically did not agree with in this case. Plaintiff argued that, again, you should look at the statute and look at these subsections completely separately. And this court has always held you should not do that. You can't look at these piecemeal. You have to look at the statute as a whole. B and C both involve the situation of a deceased defendant and who should be named as personal administrator. Is it a technicality? You could argue that, but the law is full of technicalities. I mean, look at our service statutes. Look at the reasonable diligence you have to use to serve someone. There's a lot of instances of, quote, technicalities. But they're important for reasons. And in this case the reason is that you should give notice to the probate administrator for the deceased defendant. And if it wasn't... And that is not beholden on the defendant to do that. You know, it's not beholden because plaintiff has notified the insurance company, well, that's all well and good. But the proper people were notified, the proper party, the proper personal administrator. And again, plaintiff says, well, you don't look at B, you don't look at B. But if that was the case, again, then why in his motion to amend, or motion, I'm sorry, to substitute in the special representative, why would it be even necessary, as he did in this case, to mention, to my knowledge, there's no probate estate opened. If you didn't look to B, he was looking to B. So he was doing exactly what we're saying doing is look to B. In terms of the legislative history in this case, legislative history didn't talk about it. Again, it was focused on extending the statute of limitations for suing a deceased defendant. And I would argue that the legislative history didn't mention it because B talks about it. And they both involve a deceased defendant. If you look at them, as the court has long said, not piecemeal, but as a whole, it's clear. There's talk about personal representative versus special representative in the Gatti case was cited. The Gatti case also cited Hayden case, Hayden versus Wheeler. And in Hayden versus Wheeler, and this was again in the Gatti case, it was noted that personal representative commonly, Hayden versus Wheeler stated the commonly accepted definition of the term personal representative includes executive or administrator of a deceased in this estate. If you look at the language of the statute here, they use them differently, they really do. And the probate act does as well. Probate act is not involved here, but when a defendant dies during the process of the suit, that act comes into play and that uses the same terms. They are used differently. In terms of prejudice, again, I would talk about notice. And I would also say that if you look at subsection C3, if process is served more than six months after the issuance of letters, but what happens when process is served five months and 29 days? And that could easily happen under the statute. The statute should be consistent in how it acts, whether that's five months and 29 days or six months. I understand, yes, it's limited to insurance proceeds, but I don't think that means there is no prejudice. And again, this court is long held just because the insurance policy does not mean you don't have to follow the rules in this case. And again, saying it's very simple, we could have come in and substitute is not the issue. Plaintiff had a duty and obligation to name the correct person and there was an open probate estate. And again, if you look at the record, there is nothing in here that says what plaintiff did to locate that estate. This was a Cook County active court case in the same system that plaintiff filed the suit. It could have easily been found within those four months that plaintiff had to do that. And it said plaintiff did not. We ask, therefore, your honors, in this case, that the appellate court's decision be overturned and the trial court decision be affirmed in this case. Thank you. Thank you. Case number 114925, Sandra Ralph versus Natasha Sharieva is taken under advisement as agenda number three. Mr. O'Rourke, Mr. Nemeroff, we thank you for your arguments today. And Mr. Marshall, the Illinois Supreme Court stands adjourned until tomorrow, 9 a.m., May 16, 2013.